# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN GAONA, | CASE NO. 1:09-cv-00999-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| JAMES YATES, et al., | (Doc. 8.) |
| Defendants. | |

Plaintiff Martin Gaona ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Salinas Valley State Prison. However, the events described in Plaintiff's complaint took place while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP"). Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names James Yates (warden), M.E. Spearman (associate warden), J. Tilton (former director of the Department of Corrections and Rehabilitation), and Matthew Cate (current director of the Department of Corrections and Rehabilitation) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under Section 1983. The Court will dismiss Plaintiff's complaint, with leave to file a second amended complaint within 30 days.

**I.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

    **A.     Procedural Background**

Plaintiff filed the original complaint in this action on June 9, 2009. (Doc. #1.) On September 2, 2009, Plaintiff filed a motion requesting leave to file a second amended complaint.[1] (Doc. #9.) The Court granted Plaintiff's motion on November 10, 2009. (Doc. #10.) This action proceeds on

---

[1] Plaintiff's motion requested leave to file a **second** amended complaint despite the fact that Plaintiff never filed a first amended complaint. Plaintiff's amended complaint is also labeled as his second amended complaint.

Plaintiff's September 2, 2009 amended complaint, which was filed simultaneously with Plaintiff's motion to file the amended complaint. (Doc. #8.)

### B. Factual Background

Plaintiff claims that his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment were violated when he was exposed to valley fever at PVSP. Plaintiff claims that Defendants were aware that the area around PVSP contains the "fungus spore that causes valley fever, a lethal disease." (Second Am. Compl. 3, ECF No. 8.) Plaintiff claims that valley fever causes flu-like symptoms in most victims. However, Plaintiff alleges that individuals with weak immune systems and individuals of certain races are vulnerable to contracting "disseminated valley fever" that can cause serious complications such as "pneumonia, meningitis, delirium, inflammation of the heart's walls, inflammation of bones, and even early death." (Second Am. Compl. 6, ECF No. 8.) Plaintiff claims that an overwhelming number of prisoners have contracted valley fever in recent years, and many of them became seriously ill. Plaintiff alleges that more than 900 prisoners and more than 80 staff members contracted valley fever, and more than a dozen prisoners and one correctional officer died as a result of the disease.

Plaintiff was transferred on PVSP on July 23, 2003. Plaintiff became sick with flu-like symptoms in July 2005. Prison staff removed Plaintiff from the general population and placed him in the prison's hospital, where he was treated with Diflucam.

The individuals named as Defendants are high ranking officials at PVSP and within CDCR. Defendant Yates and Spearman are wardens at PVSP and Defendant Tilton was the former director of CDCR. Defendant Cate is the current director of CDCR. Plaintiff claims that Defendants knew that valley fever was endemic around PVSP based on the number of prisoners who were infected. Plaintiff claims that Defendants, therefore, knew that PVSP was not a safe place to house prisoners and that Plaintiff would be exposed to a risk of serious illness.

### III. Discussion

Plaintiff claims that his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment were violated because he was exposed to valley fever while housed at PVSP. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad

and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Plaintiff contends that the conditions at PVSP violated the Eighth Amendment because Plaintiff was exposed to the risk of contracting valley fever. However, Plaintiff fails to allege facts that suggest that the exposure to valley fever was the type of wanton and unnecessary infliction of

4

pain that is prohibited by the Eighth Amendment. Plaintiff's allegations suggest that his exposure to valley fever was not "sufficiently serious" to rise to the level of an Eighth Amendment violation. Plaintiff alleges that valley fever poses a serious problem only to individuals of certain races or have weakened immune systems. Plaintiff does not allege that he had a weakened immune system or that his race was particularly susceptible to valley fever. In fact, Plaintiff admits that when he received a medical examination upon entering CDCR custody, he was shown to be in relatively good health. Plaintiff further admits that when he actually contracted valley fever, he had flu-like symptoms--not the type of serious life threatening symptoms experienced by individuals who are susceptible to the disease. The risk of contracting flu-like symptoms is not the type of "sufficiently serious," wanton and unnecessary infliction of pain that is prohibited by the Eighth Amendment.

Further, Plaintiff alleges no facts to support the conclusion that any of the Defendants were aware that Plaintiff was exposed to substantial risk at PVSP. Nothing in Plaintiff's complaint suggests that Defendants, high-ranking officials at PVSP and CDCR, were aware of any particular factors in Plaintiff's medical history that made him susceptible to a serious risk of harm from exposure to valley fever. Further, Plaintiff alleges that Defendants became aware of the risk of valley fever after numerous prisoners became ill and newspapers began publishing stories about valley fever. However, nothing in Plaintiff's complaint suggests that Defendants knew about the risk of valley fever before July 2005 when Plaintiff contracted valley fever, and had the knowledge and opportunity to act before Plaintiff contracted valley fever. After Plaintiff contracted valley fever, he was treated at the prison's hospital and given medication. Although Plaintiff alleges that he suffered uncomfortable, flu-like symptoms from the valley fever, nothing in Plaintiff's complaint suggests that the illness threatened Plaintiff's life and/or that Defendants were aware of any facts that suggested that Plaintiff's life was at risk and that his treatment was insufficient. Therefore, Plaintiff has failed to allege facts that support the conclusion that Defendants' failure to prevent Plaintiff from contracting valley fever violated the Eighth Amendment.

**IV.     Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the

5

opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

1 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 16, 2010**                         /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE